HERMAN A. PETERS v. GEORGE T. MOREY ET AL.

[FILED FEBRUARY 24, 1892.]

**Elections:** CONTEST: BILL OF EXCEPTIONS NECESSARY. In proceedings in the district court to contest an election held for the purpose of locating a county seat, the evidence should be preserved by bill of exceptions, the same as in other cases, and, in the absence of such a bill, it will be presumed that the evidence was sufficient to support the finding and judgment.

APPEAL from the district court for Sheridan county. Heard below before KINKAID, J.

*Thos. L. Redlon,* for appellant.

No briefs filed.

NORVAL, J.

This is a proceeding to contest the election held on the 6th day of October, 1885, in Sheridan county, for the purpose of locating the county seat of said county. The cause was submitted to this court on the 18th day of April, 1889, but by inadvertence the record was not passed in to the court, or put on the docket of submitted cases until the present term.

The returns of the election in question, made to the county clerk by the judges of election of the different precincts of the county, show that 1,758 votes were cast on the question of locating the county seat, of which Rushville received 919 votes and Hay Springs received 839 votes. All the votes in Hunter precinct, 226 in number, were returned as being cast in favor of Rushville. The county canvassing board, in canvassing the returns of said election, threw out 184 of the votes returned from Hunter precinct, thereby making a majority in favor of Hay Springs. On application to this court at the July

term, 1886, a peremptory writ of *mandamus* was issued requiring the canvassing board to reassemble and canvass all the votes returned from Hunter precinct. (*State v. Hill,* 20 Neb., 119.) In obedience to the writ the canvassers reconvened and canvassed the votes, and Rushville, having a majority of eighty votes, upon the face of the returns was declared the county seat.

In the amended complaint, filed by the contestant, it is charged that 212 of the votes returned as having been cast in Hunter precinct were fraudulent and were not cast, but after the close of the polls, with the connivance of the judges of election, the poll books of said precinct were fraudulently changed and altered by writing on said poll books 212 fictitious names, and that a like number of fictitious ballots were placed in the ballot box of said precinct; upon each of said ballots Rushville was named as the place for the county seat, and were so counted; that 42 fraudulent and illegal votes were cast and counted for Rushville, in Beaver Creek precinct, and that 130 votes cast in Rushville precinct were fictitious and fraudulent and were counted for Rushville for county seat.

The contestees answered, denying the allegations of the amended complaint, and as a further defense allege that there were cast and counted for Hay Springs for county seat 243 fraudulent and illegal ballots in Hay Springs precinct, and 65 illegal votes in Gordon precinct.

The facts are stated in the answer with considerable particularity.

A reply was filed, trial had, and upon the pleadings and evidence the district court found that Rushville received a majority of all the legal votes cast at the election, and that place was declared the permanent county seat.

The cause was submitted to this court without briefs, therefore we do not know the grounds upon which the appellant relies for a reversal of the judgment. The issue raised by the pleadings, and tried by the district court, was

purely one of fact, and that is, which place received a majority of the legal votes cast for the location of the county seat. We are unable to review its findings for the reason the record before us contains no bill of exceptions. It will be presumed, in the absence of a showing to the contrary, that the evidence was sufficient to support the judgment. The appellant having failed to file a brief pointing out any error, and no error being apparent, the judgment is

AFFIRMED.

THE other judges concur.